**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **CIRCLE B. ENTERPRISES, INC. and PRECISION HOMES,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **7:09-CV-62 (HL)** |
| | : | |
| **PREMIER MODULAR BUILDINGS, L.L.C.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

**ORDER**

This Court conducts an initial review of each case.  The initial review ensures that each case has a proper jurisdictional basis.  Proper jurisdiction is important because federal courts only have limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1]  They possess only that power authorized by the United States Constitution and by federal statutes.  Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102.  Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary.  Save the Bay,

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3)); <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149 (1908)).

Original jurisdiction may be based on either a federal question or diversity of citizenship.  28 U.S.C. § 1331; 28 U.S.C. § 1332.  If jurisdiction is based on either of these grounds, the party invoking the court's jurisdiction "must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)).

In this case, Defendant filed a Notice of Removal on the basis of diversity of citizenship under § 1332.  Defendant, however, has failed to properly plead diversity jurisdiction because it has not properly pled its own citizenship.  Defendant is a limited liability company.  The citizenship of limited liability companies is determined differently than the citizenship of corporations.  While a corporation is a citizen of both its state of incorporation and principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company is a citizen of any state of which a member of the company is a citizen.  <u>Rolling Greens MHP v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Here, Defendant alleges that Florida is its state of organization and the location of its principal place of business.  These allegations would be proper if Defendant was a corporation, but it is not.  To properly plead jurisdiction, Defendant must list the citizenship of all its members.  <u>See</u> <u>id.</u> at 1022.  Therefore, it is hereby ordered that within ten (10) days of the entry of this

2

order, Defendant shall file an amendment that properly pleads its own citizenship.

Defendant must list the citizenship of each of its members.

      **SO ORDERED**, this the 27th day of May, 2009.

                             *s/ Hugh Lawson*
                             **HUGH LAWSON, Judge**

dhc